TAYLOR, Judge.
The appellant, Illinois Central Railroad Company, filed suit in the amount of $5,-767.00 against defendant-appellee, Glazer Steel Corporation, for unpaid demurrage charges for failure of appellee to unload and return certain railroad cars within specified times. The appellee does not deny that demurrage is due the appellant, however, it paid demurrage on the intra *680 state rates rather than the interstate rates. By stipulation appellant agreed to reduce its claim by one half to $2,883.50 which it claims is due under interstate demurrage rates.
The facts which are not in dispute are as follows: Appellee imported quantities of bulk steel from foreign markets and such steel was shipped to appellee in New Orleans by ocean carrier under bills of lading with the instructions, “For delivery alongside in gondolas.” When the steel was placed on railroad cars, they were hauled by New Orleans Public Belt Railroad to the appellant’s levee yard, where they were switched to appellant’s tracks and hauled to appellee’s warehouse in New Orleans where the steel remained until sold by appellee.
The question before this court is whether the portion of the movement of the steel by rail from dockside to warehouse was done while the steel was in interstate or intrastate commerce. The trial court found that the steel was not still in interstate commerce and therefore the intrastate demurrage applied. It is from this ruling that Illinois Central Railroad Company appeals to this court.
The thrust of appellant’s argument is that the movement from dockside to warehouse was but a continuation of the journey from the foreign port and cites for this proposition the case of United States v. Erie Rr. Co., 280„ U.S. 98, 50 S.Ct. 51, 74 L.Ed. 187 (1929) and Illinois Central Rr. Co. v. De Fuentes, 236 U.S. 157, 35 S.Ct. 275, 59 L.Ed. 517 (1915). The Erie case involved the shipment of pulp from foreign mills to the Port of Hoboken, New Jersey and then by rail to Garfield, New Jersey. The defendant railroad argued that the movement of goods in foreign commerce had come to an end when they arrived at Hoboken and any movement within the state of New Jersey was intrastate. The court rejected this contention and concluded that these goods were intended to be shipped to its ultimate destination, Garfield, and the last movement from Hoboken to Garfield was a part of a continuous movement from foreign mills to Garfield. In the case of Illinois Central Rr. Co. v. De Fuentes, supra, shipments by other railroads from other states came into New Orleans and were switched to Plaintiff’s track for delivery to the consignees in New Orleans. The court held that such “switching movement” from plaintiff’s switch yard to consignee’s plant in New Orleans was a part of the overall movement from out of state to the consignee’s plant and was therefore interstate rather than intrastate.
In the instant case the intended movement of the steel was from a foreign port aboard an ocean vessel to the Port of New Orleans where such steel would be placed on railroad gondolas for ultimate delivery to defendant’s warehouse.
Mr. Karl Sanders, an employee of appel-lee, testified that the appellee has three warehouses in New Orleans in which inventory was stored. When goods arrived in the Port of New Orleans, Mr. Sanders inspected the shipments and designated to which of the warehouses certain goods would be sent by labeling the goods so as to instruct the Public Belt Railroad and the other appropriate railroads servicing each warehouse where to deliver them. He further testified that Glazer Steel has no storage facilities at the wharf, that the imports never remained at the wharf and that the imports were never distributed from the wharf. He further stated that upon delivery to the designated warehouse the imports formed part of the inventory therein until Glazer received an order.
From these facts we conclude that the movement of these goods was to terminate at any one, two or all of the warehouses of the appellee since this was their ultimate destination when placed on ocean carriers. The movement of this steel from dockside to the warehouse or warehouses of appel-lee by rail was the last leg of a continuous movement in interstate commerce.
*681 For the foregoing reasons the judgment of the trial court is reversed and there will be judgment herein in favor of Plaintiff-Appellant, Illinois Central Railroad Company, and against Defendant-Appellee, Glazer Steel Corporation, in the full sum of $2,883.50. All costs of these proceedings to be borne by Defendant-Appellee.'
Reversed and rendered.