## LOUISIANA & ARKANSAS RAIL-WAY COMPANY

v.

## SHELLS, INC.

Civ. A. No. 70-263.

United States District Court,
M. D. Louisiana.

Sept. 28, 1972.

Arthur R. Carmody, Jr., Wilkinson, Woods, Carmody & Hall, Shreveport, La., for plaintiff.

John Schwab, James P. Bodenheimer, Baton Rouge, La., for defendant.

E. GORDON WEST, District Judge.

This is a suit by a common carrier, Louisiana & Arkansas Railway Company, against the consignee, Shells, Inc., for $2,160.00 for demurrage charges on freight cars.

All important facts in this matter have been stipulated. The Louisiana & Arkansas Railway Company is a railroad corporation engaged in interstate and intrastate commerce, and is a Delaware corporation having its principal place of business in the State of Missouri, autho-rized to do and doing business in the State of Louisiana. Shells, Inc. is a Louisiana corporation having its domicile and principal place of business in East Baton Rouge Parish, Louisiana. All shipments of clam shells involved in this litigation originated in New Orleans, Louisiana and were transported by plaintiff over 79 miles of interstate rail to Baton Rouge, Louisiana. No part of any shipment originated outside the State of Louisiana and no part of any shipment traveled outside of that State nor was it destined to ever be transported outside of Louisiana. Defendant resists payment of the demurrage charges first on the ground that the claim is barred by the prescriptive period provided for in 49 U.S.C.A. § 16(3)(a), and secondly, on the ground that this Court is without jurisdiction to hear this case. Since it is the opinion of this Court that it lacks the necessary jurisdiction to hear this case, the question of the prescription or statute of limitations will not be reached.

It is apparent that there is no jurisdiction based on diversity of citizenship because the amount in controversy is not sufficient to create such jurisdiction. But plaintiff claims this Court has jurisdiction by virtue of 28 U.S.C.A. § 1337 et seq., which provides, inter alia, that:

"The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."

The plaintiff takes the position that because they have on record an interstate tariff and because they are an interstate carrier that this Court has jurisdiction under the above section. We disagree.

It is clear from the record that the shipment involved here was purely intrastate. It originated within the State of Louisiana and terminated in Louisiana. No part of the shipment came from out of state nor was it destined to go out of state. The only link that the shipment

had with interstate commerce was the fact that it was shipped by a carrier who engaged in interstate, as well as intrastate, commerce.

The case of Illinois Central Railroad Company v. Glazer Steel Corp., 244 So. 2d 679 (La.App. 4th Cir. 1971), writs refused 258 La. 559, 246 So.2d 863 (1971), involved a suit by a railroad to recover interstate demurrage charges for failure to unload and return cars within a specific time. The defendant maintained that lesser intrastate demurrage rates should apply because the shipment only went by rail from dockside in New Orleans to his warehouse across the city. The court found that the shipment of steel came from out of state and its ultimate destination was the defendant's warehouse in Louisiana. They concluded that the movement of the steel from the dock in New Orleans to the warehouse in New Orleans was merely the last segment of a continuous movement in interstate commerce, and therefore it was determined that the interstate rates should apply. The court based its conclusions on two Supreme Court cases, United States v. Erie Rr. Co., 280 U.S. 98, 50 S.Ct. 51, 74 L.Ed. 187 (1929), and Illinois Central Rr. Co. v. DeFuentes, 236 U.S. 157, 35 S.Ct. 275, 59 L.Ed. 517 (1915).

From the court's reasoning in the *Glazer Steel* case, it must be conversely reasoned that had that shipment originated and terminated within the same state, making the total movement intrastate, the intrastate rate would have been applicable. That is the precise situation in the instant case.

The case of Kansas City, Kan. v. Atchison, T. & S. F. Ry. Co., 101 F.Supp. 1 (D.Kan., 1951), involved a situation in which the plaintiff sought return of an overcharge which resulted when he was charged interstate freight rates rather than the lower intrastate freight rates. Both parties involved were Kansas corporations and the shipments originated and terminated in Kansas. In discussing whether or not the Federal Court has subject matter jurisdiction under 28 U.S.C.A. § 1337, the Court said:

"True, plaintiff only indirectly relies upon this statute, pitching its argument generally along this line: The defendant is engaged in both interstate and intrastate transportation: hence it is under the Interstate Commerce Act. Being under the Interstate Commerce Act, this court has jurisdiction of the action. But the question is not quite that simple. Viewed realistically, the action is by a Kansas corporation against a Kansas corporation to secure reparation for an overcharge in freight rates. The overcharge is said to exist because the shipments were intrastate. * * * If the shipments were intrastate, as contended, then action to recover an amount in excess of the intrastate rate should be brought in the state courts * * * rather than in this court under an 'Act of Congress regulating commerce.'" 101 F.Supp. 1, 4.

The Court further noted that "The fact that a carrier is under the act is not sufficient, in and of itself, to give this court jurisdiction over the subject matter of the action." The Court concluded that it lacked jurisdiction to hear the matter and dismissed the case.

In the instant case, the mere fact that the plaintiff was engaged in interstate as well as intrastate transportation does not, of itself, give this Court jurisdiction over the subject matter of this suit. Indeed, since all parties agree that the shipments involved were entirely intrastate in nature, and since concededly no diversity jurisdiction is present, this Court is without jurisdiction over the subject matter of this suit.

For these reasons, this suit should be dismissed and judgment will be entered accordingly.